IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

MEOSHIA DAVIS                                                                                       PLAINTIFF

VS.                                                              CIVIL CAUSE NO: 3:21-CV-407-HTW-LGI

LM GENERAL INSURANCE COMPANY; and
JOHN DOES 1-10; and
JANE DOES 1-10; and
ABC CORPORATIONS 1-10                                                                  DEFENDANTS

ORDER GRANTING LEAVE TO AMEND

Before this court are two motions filed by the Plaintiff Meoshia Davis. The first is the Unopposed Motion [doc. no. 16] of the Plaintiff for Leave to File an Amended Complaint and to Join Progressive Gulf Insurance Company("Progressive") and Shelter Mutual Insurance Company ("Shelter Mutual") as additional defendants in this lawsuit.  Defendant LM General Insurance Company does not oppose this Motion.  [doc. no. 17 p. 2].  Additionally, Plaintiff has filed an Unopposed Motion [doc. no. 18] to Amend the Case management Order to Extend Deadlines and Re-set The Trial.

Plaintiff says that during discovery she identified additional sources of uninsured motorist coverage relative to the motor vehicle collision at the core of this lawsuit. Plaintiff is not entitled to amendment as a matter of right under Fed. R. Civ. Proc 15(a)(1) because 21 days have passed since service of the Complaint, and since the responsive pleading was filed.  Rule 15(a)(2) of the Federal Rules of Civil Procedure provides that "[i]n all other cases, a party may amend its pleading only with the opposing party's written consent or the court's leave." Fed. R. Civ. Proc. 15(a)(2).

The "district court should freely give leave [to amend] when justice so requires." *United States ex rel. Willard v. Humana Health Plan of Tex. Inc.,* 336 F.3d 375, 379 (5th Cir. 2003)

1

(citing *Hypes v. First Commerce Corp.*, 134 F.3d 721, 727–28 (5th Cir. 1998)).  Discussing Rule 15, the Fifth Circuit also said, "the language of this rule 'evinces a bias in favor of granting leave to amend when justice so requires," and "[a] district court must possess a 'substantial reason' to deny a request." *SGK Properties, L.L.C. v. U.S. Bank Nat'l Ass'n for Lehman Bros. Small Balance Com. Mortg. Pass-Through Certificates, Series 2007-3,* 881 F.3d 933, 944 (5th Cir. 2018) (quoting *Smith v. EMC Corp.*, 393 F.3d 590, 595 (5th Cir. 2004)).

The factors necessary to deciding whether to allow amendment of a Complaint are: (1) undue delay; (2) bad faith or dilatory motive; (3) repeated failure to cure deficiencies by previous amendments; (4) undue prejudice to the opposing party; and (5) futility of the amendment. *SGK Properties* at 944.

This court has reviewed and weighed those factors. Amending the Complaint at this stage will not cause undue delay. The court discerns no bad faith or dilatory motive on the part of Plaintiff. There have been no previous failures to cure deficiencies.  (Plaintiff's previous motion to amend in order to add Progressive only is now moot).  Plaintiff filed the instant motion to add Progressive *and* Shelter Mutual).  Undue prejudice to the opposing party will not result, and Defendant LM General Insurance Company does not oppose the motion.  Finally, amendment of the Complaint would not be futile, since Plaintiff's claims against these additional defendants arise out of the same transaction or occurrence as claims against LM General Insurance Company, and there are questions of law or fact common to all defendants.

The addition of the additional defendants will necessitate additional discovery, thereby justifying extension of the pending deadlines in this case.

For the reasons discussed, Plaintiff's Motion for Leave to Amend **[doc. no.16]** is **granted.**  Plaintiff shall file the Amended Complaint within seven (7) days of this order in

accordance with Rule 15 of the Local Uniform Civil Rules.  Plaintiff's motion to Amend the Case Management Order **[doc. no. 18]** is also **granted.**  The attorneys are directed to contact the magistrate Judge within ten days regarding amended scheduling.  Plaintiff's previously filed motion to amend **[doc. no.14]** is **denied** as moot.

   SO, ORDERED AND ADJUDGED this, the 13th day of January, 2022.

                                                  s/HENRY T. WINGATE
                                                  **UNITED STATES DISTRICT JUDGE**