UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

MEOSHIA DAVIS                                             PLAINTIFF

VS.                          CIVIL ACTION NO. 3:21-cv-407-TSL-LGI

LM GENERAL INSURANCE COMPANY,
SAFECO INSURANCE COMPANY OF
ILLINOIS; JOHN DOES 1-10, JANE
DOES 1-10 AND ABC CORPORATIONS 1-10                      DEFENDANTS


MEMORANDUM OPINION AND ORDER

This cause is before the court on the motion of defendant
LM General Insurance Co. (LM General) to dismiss with prejudice
the claims of plaintiff Meoshia Davis for discovery violations,
pursuant to Rule 37 of the Federal Rules of Civil Procedure.
Plaintiff has responded in opposition to the motion and the
court, having considered the memoranda of authorities, together
with attachments, submitted by the parties, concludes the motion
should be denied.

Plaintiff filed the present action in May 2021 seeking to
recover benefits under her uninsured motorist coverage with LM
General for injuries she alleges she sustained in a September
2019 hit-and-run automobile accident.  In a separate action
before the Mississippi Workers' Compensation Commission,
plaintiff seeks to recover, and in fact apparently has
recovered, workers' compensation benefits relating to a May 2021

1

on-the-job incident in which she allegedly injured her back and right side while lifting a tote containing medication as part of her duties as a pharmacy technician at Kroger.  Defendant herein asserts that plaintiff gave false testimony in her deposition in her workers' compensation case in an effort to enhance her claim for workers' compensation benefits and obtain benefits to which she was not entitled, and that because of her false testimony, this court, pursuant to its authority under Rule 37, should dismiss her complaint herein for damages on account of injuries allegedly sustained in the car accident.  Defendant further argues that in this action, plaintiff has misrepresented the role of her subsequent on-the-job injury in order to obtain a double-recovery for certain medical treatment.  For reasons that follow, the court is unpersuaded that dismissal is warranted.

In her August 22, 2022 deposition in this case, plaintiff described her injuries from the September 2019 automobile accident to consist of headaches/migraine headaches, neck pain, low back pain, pain in both legs and left ankle pain.  With respect to the nature and extent of her injuries, she testified to the following:

- She has been seen regularly by Dr. Kevin Vance, a pain specialist at Comprehensive Pain Center, from a few days after the accident to the present, for all of her

injuries, but primarily for low back and leg pain;

- Sometime after the accident, she had an MRI on her back which showed a bulging disc;

- She was unsure whether she had an MRI on her neck;

- Over time, Dr. Vance has prescribed various treatments, including muscle relaxers and pain medications, physical therapy and steroid injections for her back and leg pain;

- The pain in her right leg went away some months after the accident, but despite treatment, including the treatments prescribed by Dr. Vance and back surgery in March 2022 recommended by her workers' compensation doctors, the pain in her low back and her left leg and ankle has remained constant and severe -- an eight out of ten – from the time of the accident to the present; and

- While she has continued to have headaches, their severity and frequency has subsided over time and the headaches were unaffected by her on-the-job tote-lifting incident.

Defendant notes that plaintiff's testimony in this case is consistent with her interrogatory responses, as well as with her

medical records.  Those records, as pointed out by defendant, show fifteen visits with Dr. Vance between the automobile accident and the Kroger incident, at each of which she complained of significant low back and leg pain, including in a March 2021 visit – a year and a half post car accident and just two months before the Kroger incident – in which she put her pain level at "8 out [of] 10."  The medical records also confirm a March 2020 MRI which showed, *inter alia*, a right disc bulge at L5-S1.

Plaintiff was deposed in her workers' compensation case a month after her deposition in this case.  In that deposition, she testified that a couple of hours after lifting a tote containing medications while on the job, she began having excruciating pain all across her back and in her right side. She testified that she had never experienced pain like that before.  Plaintiff went on in the deposition to disclose that she had previously had low back pain and leg pain as the result of a motor vehicle accident in 2019, stating, among other things, "I had back pain in it but it wasn't like how it is now."  She also disclosed that she had seen Dr. Vance continuously from the time of that accident for injuries received in the accident, but her testimony about the specific injuries for which she had been seen by Dr. Vance was, at best,

vague, ambiguous and/or confusing, and at worst, false and misleading.1  And, in direct contradiction to her testimony in this case that she was still having severe low back and left leg pain from the automobile accident at the time of her on-the-job injury – testimony which is supported by her medical records – plaintiff stated repeatedly in her workers' compensation deposition that her back pain and leg pain from the automobile accident had gone away completely before the Kroger workers' compensation incident.

Defendant asserts that plaintiff's medical records relating to the Kroger incident, like her deposition testimony in that case, reflect dishonesty on her part; not only did she fail to disclose to her workers' compensation medical providers the fact of her prior injuries and treatment for the automobile accident

---

1    When asked whether she had ever seen a pain specialist for her back or her right side, she said, "No."  She then responded "Yes" when asked if she had seen a pain specialist for pain in her left side or going down either leg.  She testified that she had seen Dr. Vance for injuries from the 2019 automobile accident and was still seeing him at the time of her on-the-job injury.  Asked if she was seeing him for "back pain or just leg pain," she responded, "[A]ctually, it was my neck."  The attorney attempted to clarify, asking, "Prior to your work injury at Kroger had you seen any doctor for back or leg pain, low back or leg pain?", to which she vaguely responded, "The only doctor that I saw for pain was Dr. Vance."  There were other instances of vague and unhelpful answers which counsel did not attempt to clarify and/or arguably misunderstood, or which counsel was unsuccessful in clarifying.

injuries, but in fact, on the workers' compensation
authorization form she completed at MEA Medical Clinic following
her on-the-job injury, she responded "No," to the question,
"Have you ever injured this area before?"  Defendant posits that
if plaintiff had provided full disclosure to Kroger, then her
workers' compensation doctors and Kroger would "absolutely have
had questions about whether the tote lifting was the cause of
her surgery" and Kroger would not have paid workers'
compensation benefits for her back surgery.

Defendant argues that a sanction in the form of dismissal
is warranted both because of plaintiff's false testimony but
also because plaintiff, not content with having been compensated
for her back surgery through workers' compensation, has demanded
compensation in this case for that same surgery.  As defendant
sees it, by also claiming those damages is this case, plaintiff
is effectively committing fraud upon this court by
misrepresenting in this court the role of her on-the-job injury,
i.e., by claiming that the surgery was necessitated by car
accident and not the tote-lifting injury.

As authority for its request for dismissal of plaintiff's
complaint, defendant relies on Federal Rule of Civil Procedure
37.  The court, however, does not view Rule 37 as a proper basis
for consideration of sanctions in this case.  Rule 37 authorizes

6

the district court, in its discretion, to impose a broad range
of sanctions against a party who fails to comply with the rules
of discovery or with court orders enforcing those rules.  See
Smith & Fuller, P.A. v. Cooper Tire & Rubber Co., 685 F.3d 486,
488-89 (5th Cir. 2012).  Under Rule 37(b), the court where the
action is pending is authorized to impose sanctions "[i]f a
party ... fails to obey an order to provide or permit
discovery," or fails to produce a person for examination ordered
under Rule 35.  Rule 37(c)(1) states the court may sanction a
party who "fails to provide information or identify a witness as
required by Rule 26(a) or (e)".  And Rule 37(d) provides for
sanctions against a party who fails to attend her own deposition
upon proper notice, or fails to serve answers to interrogatories
or respond to a request for inspection, upon proper notice.
Defendant does not appear to contend that plaintiff provided
false testimony in her deposition in this case.  Rather, she is
asserted to have intentionally provided false testimony in her
workers' compensation case and having otherwise misled her
employer by failing to disclose the true nature and extent of
her prior injuries.  It also contends that her misconduct
includes asserting a claim in this action to damages for which
she has already been compensated.  But none of her alleged
misconduct "squarely fit[s] into the discovery framework"

7

covered by Rule 37.  <u>Sarco Creek Ranch v. Greeson</u>, 167 F. Supp. 3d 835, 844 (S.D. Tex. 2016).

That said, the court does have "the inherent power to impose sanctions when other rules do not provide an adequate remedy," including the power to dismiss.  <u>Id.</u> (citing <u>Chambers v. NASCO, Inc.</u>, 501 U.S. 32, 50, 111 S. Ct. 2123, 115 L. Ed. 2d 27 (1991) ("[W]hen there is bad-faith conduct in the course of litigation that could be adequately sanctioned under the Rules, the court ordinarily should rely on the Rules rather than the inherent power.  But if in the informed discretion of the court, neither the statute nor the Rules are up to the task, the court may safely rely on its inherent power.")).  The Supreme Court has cautioned that "[b]ecause of their very potency, inherent powers must be exercised with restraint and discretion," <u>Chambers</u>, 501 U.S. at 44, 111 S. Ct. 2123, especially when it comes to the "particularly severe" sanction of outright dismissal, <u>id.</u>  The Fifth Circuit has thus mandated that since "[d]ismissal with prejudice … is an extreme sanction that deprives a litigant of the opportunity to pursue his claim," dismissal with prejudice may only be ordered if there is "a clear record of delay or contumacious conduct by the plaintiff," and "lesser sanctions would not serve the best interests of justice."  <u>Snider v. L-3 Communications Vertex Aerospace,</u>

_L.L.C._, 946 F.3d 660, 679 (5ᵗʰ Cir. 2019) (internal quotation marks and citations omitted).

Providing intentionally false testimony, that is, committing perjury, "is contumacious conduct that can satisfy the first condition," id. (citation omitted), and courts generally do not hesitate to dismiss cases in which a party is found to have committed perjury.  See, e.g., Domingue v. Jantran, Inc., No. 4:18-CV-199-DMB-JMV, 2020 WL 5632964 (N.D. Miss. 2020); Taylor v. Consolidated Pipe Supply Co., Inc., No. 3:15-CV-585-CWR-FKB, 2017 WL 3090317 (S.D. Miss. 2017).  But it does not seem from the motion that defendant contends plaintiff gave false testimony _in this case_; instead, it claims that she did so in her workers' compensation case.  Defendant has cited no case in which a court has dismissed a case pending before it as a sanction for a party's having given false testimony _in a separate proceeding._  While the court may have the authority to do so, it is not inclined to do so here.  The court has carefully reviewed plaintiff's deposition testimony in both cases, and, giving plaintiff the benefit of the doubt,2 finds that as to most of the portions of her workers' compensation

---

2    The court has construed the depositions in the light most favorable to plaintiff, as is appropriate, particularly given the severity of the sanction defendant has requested.

testimony that defendant characterizes as perjury, it cannot say with comfortable assurance that she was intentionally deceptive. While she may have seemed evasive at times and was perhaps intentionally vague or arguably inconsistent on certain issues, overall, it cannot be denied that she disclosed the facts that she had been involved in a previous automobile accident in which she sustained injuries to her back, neck, legs, and which resulted in headaches, for some or all of which she had received ongoing medical treatment from Dr. Vance, a pain specialist, and for some or all of which she was pursuing recovery in this lawsuit.

There are certainly aspects of plaintiff's testimony, and conduct in general, that the court finds very concerning, the most obvious of which is her testimony that her back and left leg pain had completely resolved prior to the Kroger incident. The court, however, in the exercise of its discretion, will not dismiss this case, as requested in defendant's motion, with the understanding that defendant will have the opportunity at trial to thoroughly cross-examine plaintiff on all these matters, and the court, after plaintiff has testified, will then consider and determine whether the imposition of a lesser sanction, such as limiting her recoverable damages, is appropriate.

Based on the foregoing, it is ordered that defendant's

10

motion to dismiss is denied.

SO ORDERED this 1st day of February, 2023.


/s/ Tom S. Lee
UNITED STATES DISTRICT JUDGE